UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NANCY SETTERQUIST, | CASE NO. C18-1131-JCC |
| Plaintiff, | ORDER |
| v. | |
| LAW OFFICES OF TED D. BILLBE, PLLC, a Washington Professional Limited Liability Company, and TED D. BILLBE, individually and on behalf of the marital community comprised of TED D. BILLBE and JANE DOE BILLBE, | |
| Defendants. | |

This matter comes before the Court on Defendants' Federal Rule of Civil Procedure 12(b)(6) motion to dismiss (Dkt. No. 12). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion and DISMISSES Plaintiff's claim with prejudice for the reasons explained herein. Additionally, Plaintiff's motion for partial summary judgment (Dkt. No. 14) is STRICKEN as moot.

I.  **BACKGROUND**

   **A. Judicially Noticed Documents**

Pursuant to Federal Rules of Evidence 201(b)(2) and 201(c)(2), the Court takes judicial

notice of the 13 documents attached as exhibits to the declaration of Defendants' attorney in support of Defendants' motion to dismiss, which were filed in the underlying case of *In re Marriage of Settequist*, King County Superior Court, cause no. 13-3-12917-9-SEA (the "Dissolution Action"). (Dkt. No. 13-1–13.)[1] Although Plaintiff argues that Exhibit 5 attached to Defendants' declaration is incomplete (Dkt. No. 20 at 5), she does not contend that the material contained in Exhibit 5 is inaccurate or contradicted by material that was not included.

Also pursuant to Federal Rules of Evidence 201(b)(2) and 201(c)(2), the Court takes judicial notice of the four documents attached as exhibits to the declaration of Plaintiff's attorney in support of Plaintiff's response to Defendants' motion to dismiss, which were filed in the Dissolution Action and subsequent litigation. (Dkt. No. 22 at 4–39.)

**B. Factual Background**

Defendants represented Plaintiff in the Dissolution Action. (Dkt. No. 2-1.) Defendants assisted in negotiating a Court Rule 2A Settlement Agreement (the "CR 2A Agreement") between Plaintiff and Bardon Setterquist, the other party to the Dissolution Action. (Dkt. Nos. 2-1; 13-5 at 6–7.) Plaintiff and Defendants agree that the CR 2A Agreement is a valid and enforceable contract, and that it provided that Bardon Setterquist's spousal support obligation to Plaintiff was non-modifiable. (Dkt. Nos. 12 at 3–4; 20 at 3–4; *see* Dkt. No. 13-5 at 7.)

After the CR 2A Agreement was signed, Defendants drafted a separation contract intended to effectuate the terms of the CR 2A Agreement. (Dkt. No. 2-1.) The separation contract, contrary to the CR 2A Agreement, provided that, "Spousal support is non-modifiable, except if [Plaintiff's] father passes away, [Bardon Setterquist] may seek to modify maintenance."

---

[1] Although the Court generally may not consider material outside of the pleadings in ruling on a Federal Rule of Civil Procedure 12(b)(6) motion, "documents whose contents are alleged in a complaint and whose authority no party questions, but which are not physically attached to the pleading" may be considered. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The Court may also take judicial notice of matters of public record while considering a motion to dismiss. *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

(*Id.*) Plaintiff and Defendants agree that this provision of the separation contract was an error by Defendants. (Dkt. Nos. 12 at 4; 20 at 4.) Plaintiff and Bardon Setterquist executed the separation contract, and a decree of dissolution was entered that also provided that spousal support was modifiable. (Dkt. No. 2-1.)

In July 2017, after Plaintiff's father passed away, Bardon Setterquist filed a motion to modify his spousal support obligation. (*Id.*) Defendants filed a response to the motion to modify. (*Id.*) After discovering the error in the separation contract and decree of dissolution, Defendants filed a motion to correct the error in the decree of dissolution and for related relief pursuant to Superior Court Civil Rules 60(a) and 60(b)(11), including reforming the separation contract to accord with the CR 2A Agreement. (Dkt. No. 13-3.) Defendants filed a supporting affidavit that stated that Plaintiff and Bardon Setterquist had agreed to non-modifiable spousal support under the CR 2A Agreement and that the language in the separation contract and decree of dissolution was erroneous. (Dkt. No. 13-4.)

Bardon Setterquist filed a response and a declaration stating that he would not have agreed to the dissolution if his spousal support obligation was non-modifiable. (Dkt. No. 13-6 at 9.) The declaration was signed "Susan Gonzalez POA for Bardon Setterquist," but did not provide documentation of any power of attorney. (*Id.*) Defendants objected to Bardon Setterquist's declaration, arguing that Susan Gonzales had not established that she had personal knowledge of the matter, and submitted additional supporting declarations. (Dkt. Nos. 13-7 at 2–3; 13-6 at 11–13, 15–18.)

The state court denied Defendants' motion to correct without prejudice, and granted Plaintiff leave to file an amended response to Bardon Setterquist's motion to modify. (Dkt. No. 13-7 at 5–6.) On November 16, 2017, Defendants withdrew as Plaintiff's counsel and new counsel was substituted to represent Plaintiff. (*Id.* at 9–10.) Plaintiff's new counsel did not renew the motion to correct the dissolution decree and reform the separation contract or appeal its denial. (Dkt. No. 13-1 at 6–7.)

In December 2017, the state court entered an order terminating Plaintiff's spousal support. (Dkt. Nos. 2-1; 13-7 at 14.) The order was stayed for 10 days to permit Plaintiff "to file a revision action with the court." (Dkt. No. 13-7 at 16.) Plaintiff did not seek relief from the state court's order terminating spousal support. (Dkt. No. 13-1 at 7.)

Plaintiff filed the present lawsuit in state court, asserting a single claim of legal malpractice arising under Washington law against Defendants. (Dkt. No. 2-1.) The case was removed to this Court on diversity jurisdiction. (Dkt. No. 1.) Defendant now moves to dismiss Plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 12.) Plaintiff moves for partial summary judgment on the issues of whether expert testimony is necessary to prove Defendants' breach of the standard of care and whether Defendants breached the standard of care. (Dkt. No. 14.)

## II. DISCUSSION

### A. Motion to Strike

Pursuant to Local Civil Rule 7(g), Defendants move to strike Plaintiff's Declaration of Nancy Setterquist in Response to Defendants' Motion to Dismiss and its attached exhibits (Dkt. No. 21), along with portions of Plaintiff's brief supported by the declaration. (Dkt. No. 26 at 2.) Generally, a district court may not consider matters outside the pleadings when ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Branch*, 14 F.3d at 453. Plaintiff offers the declaration "in support of her request that the Court grant her leave to amend[.]" (Dkt. No. 20 at 7.) Plaintiff requests that, "The Court should convert defendants' motion to summary judgment . . . if conversion is necessary to allow the Court to consider Ms. Setterquist's declaration testimony." (*Id*.) The Court declines to consider the declaration and attached exhibits and convert Defendants' motion to dismiss into a motion for summary judgment. Therefore, Defendants' motion to strike is GRANTED.

### B. Motion to Dismiss Legal Standard

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which

relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678.

### C. State Court Error in Ruling

#### 1. CR 60 Motion to Correct

As a threshold matter, Plaintiff argues that she could not have corrected any error in the decree of dissolution because Washington Superior Court Civil Rule 60(b)(11) was inapplicable to the present case. (Dkt. No. 20 at 17–19.)

"On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for . . . [a]ny . . . reason justifying relief from the operation of the judgment." Wash. Super. Ct. Civ. R. 60(b)(11). "Application of [Washington Superior Court Civil Rule 60(b)(11)] is limited to situations involving extraordinary circumstances not covered by any other section of the rule." *In re Marriage of Thurston*, 963 P.2d 947, 949 (Wash. Ct. App. 1998). There is no time restriction on when a party may bring a motion under Washington Superior Court Civil Rule 60(b)(11). Wash. Super. Ct. Civ. R. 60(b).

Defendants' motion cited in part Washington Superior Court Civil Rule 60(b)(11), and thus did not have to be brought within a certain time. (Dkt. No. 13-3 at 2.) Further, the present case falls within the scope of the rule; Defendants' error in drafting the separation contract after the parties agreed to the terms of the CR 2A Agreement, of which the trial court was unaware, caused Plaintiff to lose significant sums of spousal support that she believed would not be subject to modification. (Dkt. Nos. 12 at 4; 13-7 at 13–16; 20 at 3–4, 6.) These facts present an extraordinary circumstance that may have been remedied through a motion made pursuant to

Washington Superior Court Civil Rule 60(b)(11).[2]

### 2. *Reformation of Separation Contract*

In analyzing whether Plaintiff has established a plausible claim of legal malpractice, this Court must first analyze whether the state court erred in denying Defendants' motion to correct or by granting Bardon Setterquist's motion to modify spousal support. *Paradise Orchards General Partnership v. Fearing*, 94 P.3d 372, 377 (Wash. Ct. App. 2004) (finding that in claim of legal malpractice, court evaluates whether the court of first instance erred in order to determine whether plaintiff can establish legal causation element of claim).

Defendants' motion to correct requested in part that the state court reform the separation contract upon which the decree of dissolution was based to reflect the terms of the CR 2A Agreement. (Dkt. No. 13-3 at 2.) If the state court had granted Defendants' request to reform the separation contract, the separation contract and resultant decree of dissolution would have precluded Bardon Setterquist's motion to modify his spousal support obligation. Therefore, the Court looks to whether the state court's denial of Defendants' requested relief was in error.

> No agreement or consent between parties or attorneys in respect to the proceedings in a cause, the purport of which is disputed, will be regarded by the court unless the same shall have been made and assented to in open court on the record, or entered in the minutes, or unless the evidence thereof shall be in writing and subscribed by the attorneys denying the same.

Wash. Super. Ct. Civ. R. 2A. "The purpose of CR 2A is to give certainty and finality to settlements." *Condon v. Condon*, 298 P.3d 86, 89 (Wash. 2013). "Where the CR 2A requirements are met, a motion to enforce a settlement is a commonly accepted practice." *Id*. at 89. "Settlements are considered under the common law of contracts." *Id*. at 92.

"Reformation is an equitable remedy employed to bring a writing that is materially at

---

[2] Plaintiff also argues that she could not seek to correct any error with a motion made pursuant to Washington Superior Court Civil Rules 60(a) or 60(b)(1). (Dkt. No. 20 at 14–17.) Because the Court concludes that any error could have been corrected through a motion made under Washington Superior Court Civil Rule 60(b)(11), the Court declines to reach these arguments.

variance with the parties' agreement into conformity with that agreement." *Denaxas v. Sandstone Ct. of Bellevue, LLC*, 63 P.3d 125, 132 (Wash. 2003). "A party may seek reformation of a contract if (1) the parties made a mutual mistake or (2) one of them made a mistake and the other engaged in inequitable conduct." *Id*. "The party seeking reformation must prove the facts supporting it by clear, cogent and convincing evidence." *Id*.

"In contract law, a scrivener's error, like a mutual mistake, occurs when the intention of the parties is identical at the time of the transaction but the written agreement does not express that intention because of that error. This permits a court acting in equity to reform an agreement." *In re Estate of Harford*, 936 P.2d 48, 50 (Wash. Ct. App. 1997).

Here, the CR 2A Agreement provided that Plaintiff and Bardon Setterquist "hereby agree to resolve all issues in connection with dissolution of their marriage[.]" (Dkt. No. 13-5 at 6.) The text of the CR 2A Agreement evidences significant negotiations between Plaintiff and Bardon Setterquist, including the provision making spousal support non-modifiable. (*Id*. at 7.) Both Plaintiff and Bardon Setterquist signed the CR 2A Agreement through their legal counsel. (*Id*.) Thus, the CR 2A Agreement constitutes clear, cogent, and convincing evidence of Plaintiff's and Bardon Setterquist's identical intent that spousal support would be non-modifiable.

Defendants drafted the separation contract "to effectuate the terms of the CR 2A Agreement." (Dkt. No. 2-1.) In an affidavit submitted in support of the motion to correct, Defendants stated that, unknown to them, the separation contract contained a clerical error and incorrectly provided that spousal support may be modifiable under certain circumstances. (Dkt. Nos. 2-1; 13-4 at 6.) Thus, the separation agreement failed to embody the identical intent of Plaintiff and Bardon Setterquist due to a scrivener's error by Defendants, and the state court was permitted to act in equity to reform the separation contract to accord with the terms of the CR 2A Agreement.

The only evidence before the state court challenging the validity of the CR 2A Agreement was the declaration of Bardon Setterquist. (Dkt. No. 13-6 at 9.) The declaration

asserted in part that (1) Bardon Setterquist did not agree that spousal support would be non-modifiable, and (2) that the dissolution decree accurately reflected the understanding of Plaintiff and Bardon Setterquist at the time it was entered. (*Id.*) "Washington follows the objective manifestation theory of contracts, which has [courts] determine the intent of the parties based on the objective manifestations of the agreement, rather than any unexpressed subjective intent of the parties." *Condon*, 298 P.3d at 92. The declaration of Bardon Setterquist attempts to contravene the objective manifestation of his and Plaintiff's identical intent in the CR 2A Agreement with a statement of his unexpressed subjective intent at the time the CR 2A Agreement was executed. Under the objective manifestation theory of contracts, the declaration is insufficient to overcome the CR 2A Agreement.[3]

Therefore, the Court concludes that Defendants' error in drafting the separation contract constituted a scrivener's error that caused the separation contract to fail to embody the identical intent of Plaintiff and Bardon Setterquist at the time the CR 2A Agreement was executed. The state court was permitted to reform the separation contract in equity, and erred when it failed to do so in spite of the clear, cogent, and convincing evidence of Plaintiff and Bardon Setterquist's identical intent that spousal support would be non-modifiable.

**D. Proximate Causation**

Defendants assert that Plaintiff cannot establish the proximate causation element of her legal malpractice claim because she failed to take steps that would have prevented her alleged harm. (Dkt. No. 12 at 10–11, 15–16.)

Under Washington law,

> To establish a claim for legal malpractice, a plaintiff must prove the following elements: (1) The existence of an attorney-client relationship which gives rise to a

---

[3] Because the Court concludes that the declaration of Bardon Setterquist cannot overcome the objective manifestation of his and Plaintiff's identical intent at the time the CR 2A Agreement was entered, it declines to reach the issue of the declaration's admissibility raised by Defendants. (Dkt. Nos. 12 at 13–14; 26 at 8–9.)

> duty of care on the part of the attorney to the client; (2) an act or omission by the attorney in breach of the duty of care; (3) damage to the client; and (4) proximate causation between the attorney's breach of the duty and the damage incurred.

*Hizey v. Carpenter*, 830 P.2d 646, 651 (Wash. 1992). To establish proximate causation, "[t]he plaintiff must demonstrate that 'but for' the attorney's negligence he would have obtained a better result." *Smith v. Preston Ellis Gates, LLP*, 147 P.3d 600, 602 (Wash. Ct. App. 2006).

Causation may be broken if the defendant establishes that "a person's own conduct may be the sole cause of injuries." *Nielson v. Eisenhower & Carlson*, 999 P.2d 42, 48 (Wash. Ct. App. 2000). A party's failure to challenge an erroneous decision of the court, thus "giving up an opportunity to have the error rectified," may preclude the party from establishing the legal causation element of a later legal malpractice claim. *Paradise Orchards*, 94 P.3d at 379.

The court may determine proximate cause as a matter of law if "'reasonable minds could not differ.'" *Smith*, 147 P.3d at 602 (quoting *Hertog v. City of Seattle*, 979 P.2d 400, 406 (Wash. 1999)).

Here, although the state court denied Defendants' motion to correct, it dismissed the motion without prejudice and asked Plaintiff and Bardon Setterquist to submit a declaration from the attorney who represented Bardon Setterquist on the issue. (Dkt. No. 13-7 at 5.) Although over a month elapsed between the time Plaintiff retained new counsel and when the state court terminated Plaintiff's spousal support, Plaintiff failed to renew the motion to correct, request an extension of time, or otherwise challenge the state court's denial of the motion. (Dkt. No. 13-1 at 6–7.) Further, the state court's order terminating Plaintiff's spousal support was stayed for 10 days to permit Plaintiff "to file a revision action with the court." (Dkt. No. 13-7 at 16.) But Plaintiff did not file a revision action or a notice of appeal with the state court. (Dkt. No. 13-1 at 7.)

Thus, Plaintiff failed to pursue several opportunities to challenge the state court's failure to reform the separation contract, which in turn enabled Bardon Setterquist to obtain modification of his spousal support obligation. As discussed above, the state court erred when it

failed to reform the separation contract in light of the clear, cogent, and convincing evidence of Plaintiff and Bardon Setterquist's identical intent that spousal support would be non-modifiable. Plaintiff's failure to challenge this decision at any point is fatal to her establishing proximate causation between Defendants' error and her alleged harm. Moreover, this flaw in her claim cannot be remedied by amendment of her complaint, as such amendment will not cure the underlying lack of factual support for this element of her legal malpractice claim. Therefore, the Court GRANTS Defendants' motion to dismiss Plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

### E. Mitigation Costs

Plaintiff argues that, even if this Court grants Defendants' motion to dismiss, she is entitled to recover her mitigation expenses as damages and disgorgement of the fees she paid to Defendants. (Dkt. No. 20 at 20–21.) Plaintiff has not prevailed in her claim, and thus is not entitled to recover her mitigation expenses. Further, Defendants' actions were neither fraudulent nor so egregious as to merit a disgorgement of fees. *See Kelly v. Foster*, 813 P.2d 598, 601–02 (Wash. Ct. App. 1991). Therefore, the Court DENIES Plaintiff's request.

## III. CONCLUSION

For the foregoing reasons, Defendants' Federal Rule of Civil Procedure 12(b)(6) motion to dismiss (Dkt. No. 12) is GRANTED. Plaintiff's complaint (Dkt. No. 2-1) is DISMISSED with prejudice. Plaintiff's motion for partial summary judgment (Dkt. No. 14) is STRICKEN as moot.

DATED this 24th day of September 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE