THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NANCY SETTERQUIST, | CASE NO. C18-1131-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| LAW OFFICES OF TED D. BILLBE, PLLC, a Washington Professional Limited Liability Company, and TED D. BILLBE, individually and on behalf of the marital community comprised of TED D. BILLBE and JANE DOE BILLBE | |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Plaintiff's motion for reconsideration (Dkt. No. 32). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

**I.     BACKGROUND**

On September 24, 2018, this Court granted Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim and struck Plaintiff's motion for partial summary judgment as moot. (Dkt. No. 30.) Plaintiff now moves for reconsideration of the Court's September 24

order. (Dkt. No. 32.) Plaintiff argues that the Court committed manifest error by overlooking the issue of merger raised by Plaintiff, concluding that the separation contract could be reformed through a Washington Superior Court Civil Rule 60(b)(11) motion, declining to apply Plaintiff's offered supplemental authority, and failing to address Plaintiff's request for leave to amend her complaint. (*Id*.)

## II. DISCUSSION

### A. Motion for Reconsideration Legal Standard

"Motions for reconsideration are disfavored." Local Civ. R. 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*. "A motion for reconsideration should not be used to ask the court to rethink what the court had already thought through—rightly or wrongly." *Premier Harvest LLC v. AXIS Surplus Ins. Co.*, Case No. C17-0784-JCC, Dkt. No. 61 at 1 (W.D. Wash. 2017) (quoting *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998)).

#### 1. Doctrine of Merger

Plaintiff's argument regarding the issue of merger appeared in a footnote in her response to Defendants' motion to dismiss. (Dkt. No. 20 at 15.) The use of footnotes to advance substantive arguments is highly discouraged. *See Glassybaby, LLC v. Provide Gifts, Inc*., Case No. C11-380-MJP, 2011 WL 4571876, slip op. at 4 (W.D. Wash. 2011).

The doctrine of merger generally precludes a plaintiff from bringing a subsequent action, or a defendant from raising additional defenses, once a valid and final judgment is rendered in the plaintiff's favor. Restatement (Second) of Judgments § 18 (1982). But the doctrine of merger does not preclude trial courts from "modify[ing] a judgment to make it conform to the judgment intended to be entered, when to do so will not affect the substantial rights of innocent third parties." *Seattle-First Nat'l Bank Connell Branch v. Treiber*, 534 P.2d 1376, 1377 (Wash. Ct. App. 1975) (footnote omitted). Such motions are properly brought under Washington Superior

Court Civil Rule 60, which embodies "[t]he inherent power of the court to vacate or amend a judgment." *Id*.

The underlying case in this matter concerned the dissolution of the marriage of Plaintiff and Bardon Setterquist. The present action concerns a motion to modify a judgment to be in accordance with the intent of the parties to the judgment, pursuant to Washington Superior Court Civil Rule 60, filed under the same case number. It does not involve a subsequent action or the raising of an additional defense by Plaintiff or Bardon Setterquist, which would be precluded by the doctrine of merger. Thus, Plaintiff's argument regarding merger was neither properly raised nor meritorious. Therefore, the Court concludes that its decision to not address Plaintiff's argument regarding merger does not constitute manifest error, and DENIES Plaintiff's motion for reconsideration on this ground.

### 2. Washington Superior Court Civil Rule 60(b)(11)

Plaintiff contends that the Court committed manifest error when it declined to reach her argument concerning Washington Superior Court Civil Rule 60(b)(1) because relief under Washington Superior Court Civil Rule 60(b)(11) is unavailable as a matter of law if Washington Superior Court Civil Rule 60(b)(1) can be applied. (Dkt. No. 32 at 2.)

Washington Superior Court Civil Rule 60(b)(1) provides that, "the court may relieve a party or the party's legal representative from a final judgment . . . for . . . [m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order." Sup. R. 60(b)(1). Where other subsections of the rule are unavailable, Washington courts may apply Washington Superior Court Civil Rule 60(b)(11), which provides that, "the court may relieve a party or the party's legal representative from a final judgment . . . for . . . [a]ny other reason justifying relief from the operation of the judgment." Sup. R. 60(b)(11). "Application of [Washington Superior Court Civil Rule 60(b)(11)] is limited to situations involving extraordinary circumstances not covered by any other section of the rule." *In re Marriage of Thurston*, 963 P.2d 947, 949 (Wash. Ct. App. 1998).

"Dissolution proceedings invoke the court's equitable jurisdiction." *Farmer v. Farmer*, 259 P.3d 256, 262 (Wash. 2011). "Proceedings to vacate judgments are equitable in nature and the court should exercise its authority liberally 'to preserve substantial rights and do justice between the parties.'" *In re Marriage of Hardt*, 693 P.2d 1386, 1388 (Wash. Ct. App. 1985) (quoting *Haller v. Wallis*, 573 P.2d 1302, 1305 (Wash. 1978)). "The Superior Court's decision to vacate should be disturbed only upon a showing of clear or manifest abuse." *Id*.

Washington courts have previously stated that parties may seek relief from a judgment pursuant to Washington Superior Court Civil Rule 60(b)(11) upon a finding of extraordinary circumstances and a balancing of the equities, although Washington Superior Court Civil Rule 60(b)(1) arguably applies. For example, in *In re Adoption of Henderson*, following the appellant's marriage to the respondent, the appellant petitioned for the adoption of respondent's three children from a former marriage. *In re Adoption of Henderson*, 644 P.2d 1178, 1179 (Wash. 1982). After the court commissioner granted the petition, the appellant's attorney erroneously prepared a decree stating that it would be interlocutory for a time before becoming absolute, when it should have been immediately absolute. *Id*. Following the parties' separation, the trial court dismissed the appellant's petition to vacate the adoption decree, "holding that the decree was erroneously made interlocutory rather than final, and that it had no jurisdiction to vacate the decree." *Id*.

In remanding the case to the trial court, the Washington Supreme Court stated that, "[i]t appears that the interlocutory provision in this decree was included through mistake, both on the part of the attorney who represented the appellant at that time and the court commissioner, and the appellant was therefore mistakenly advised concerning his rights." *Id*. at 1181. The Washington Supreme Court remanded for a hearing at which the appellant would be given "an opportunity to show, if he can, that [the adoptive children's] welfare can best be served by setting aside the decree, pursuant to CR 60(b)(11), permitting vacation of a judgment for '(a)ny other reason justifying relief from the operation of the judgment.'" *Id*. The Washington Supreme

Court directed the trial court "to vacate the decree only if it finds that the interests of the children will be best served by such action." *Id*.

As demonstrated by the Washington Supreme Court in *In re Henderson*, a final judgment may be challenged pursuant to Washington Superior Court Civil Rule 60(b)(11) even if the reason for the challenge is a mistake in drafting the relevant decree. In doing so, the court must consider whether the circumstances presented by the case justify an application of Washington Superior Court Civil Rule 60(b)(11), and if so, whether equity favors vacating the judgment at issue.

Here, as discussed in the Court's order, extraordinary circumstances allowed Plaintiff to move to vacate the dissolution decree pursuant to Washington Superior Court Civil Rule 60(b)(11). Following the execution of the Court Rule 2A Settlement Agreement ("CR 2A Agreement") between Plaintiff and Bardon Setterquist, which resolved all issues in connection with the dissolution of their marriage, Defendants committed a scrivener's error in drafting the separation contract meant to embody the parties' agreed-upon terms that was not noticed by Defendants or counsel for Bardon Setterquist. (Dkt. Nos. 2-1; 13-4 at 6; 13-5 at 6–7.) The unnoticed scrivener's error contravened the parties' shared intent and invalidated a term of the CR 2A Agreement that had been subject to significant negotiation. Ultimately, it allowed Bardon Setterquist to move to modify his spousal support obligation to Plaintiff, which the CR 2A Agreement specifically prohibited. (Dkt. No. 2-1.) Thus, the case presented extraordinary circumstances in that a negotiated agreement between the parties that was intended to fully resolve all the issues related to their marriage was contravened by the ultimate dissolution decree when neither party's counsel noticed Defendants' scrivener's error. These extraordinary circumstances made review under Washington Superior Court Civil Rule 60(b)(11) an option for the state court judge.

Further, equity favored vacating the dissolution decree. The CR 2A Agreement was intended to resolve all the issues related to Plaintiff and Bardon Setterquist's marriage, and it

specifically made Bardon Setterquist's spousal support obligation non-modifiable. (Dkt. No. 13-5 at 7.) Due to Defendants' scrivener's error, Plaintiff was deprived of a negotiated benefit under the CR 2A Agreement, while Bardon Setterquist was given a benefit he was not due. Thus, the state court, acting in equity, could have vacated the dissolution decree and reformed the separation contract, as discussed in the Court's order (Dkt. No. 30 at 6–8), so that the dissolution decree reflected the terms on which Plaintiff and Bardon Setterquist agreed to dissolve their marriage.

The state court in this case did not reject the motion to vacate the judgment and reform the contract as untimely under Washington Superior Court Civil Rule 60(b)(1). The motion to vacate the judgment was made pursuant to Washington Superior Court Civil Rules 60(a) and 60(b)(11). (Dkt. No. 13-3 at 4–5.) Rather than dismissing the motion as untimely under Washington Superior Court Civil Rule 60(b)(1), the state court dismissed the motion without prejudice so that the parties could submit the declaration of Bardon Setterquist's attorney. (Dkt. No. 13-7 at 5.) Thus, the state court indicated that it would consider the motion to vacate the judgment pursuant to Washington Superior Court Civil Rule 60(b)(11), and its decision to do so would have been reviewed for manifest abuse of discretion in any future appeal. *See In re Hardt*, 693 P.2d at 1388.

The cases cited by Plaintiff in her response to Defendants' motion to dismiss and in her motion for reconsideration do not control the outcome of the present case. (Dkt. No. 32 at 2.) In *Tamosaitis*, a party sought relief under Washington Superior Court Civil Rule 60(b)(11) on the basis of "new evidence of damages." *Tamosaitis v. Bechtel Nat'l, Inc.*, 327 P.3d 1309, 1315 (Wash. Ct. App. 2014). The Washington Court of Appeals affirmed the trial court's refusal to vacate the judgment because the party should have brought the evidence pursuant to Washington Superior Court Civil Rule 60(b)(3), which was time barred. *Id*. at 1316. The present case does not involve new evidence that should have been brought pursuant to Washington Superior Court Civil Rule 60(b)(3), and thus is distinguishable. Moreover, the *Tamosaitis* court did not find

extraordinary circumstances justifying application of Washington Superior Court Civil Rule 60(b)(11). *Id*.

In *Friebe*, the Washington Court of Appeals found that a party's motion to vacate the default judgment should have been brought under Washington Superior Court Civil Rule 60(b)(1), and thus was time barred. *Friebe v. Supancheck*, 992 P.2d 1014, 1017 (Wash. Ct. App. 1999). In doing so, the appellate court found "no extraordinary circumstances in this case to justify the vacation of the default judgment under CR 60(b)(11)." *Id*. Because the present case presents extraordinary circumstances, as discussed above, *Friebe* is distinguishable.

The Court notes that Plaintiff has cited a variety of new cases and offered new arguments in the footnotes of her reply brief in support of her motion for reconsideration. (*See generally* Dkt. No. 35.) Plaintiff is again reminded that the use of footnotes to advance substantive arguments is highly discouraged. *See Glassybaby, LLC*, Case No. C11-380-MJP, 2011 WL 4571876, slip op. at 4. Further, "[t]he district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). The Court declines to address such arguments.

In sum, Plaintiff was able to seek relief from the dissolution decree pursuant to Washington Superior Court Civil Rule 60(b)(11) because, although Washington Superior Court Civil Rule 60(b)(1) arguably applied, the extraordinary circumstances and the balance of the equities presented in this case granted the state court the discretion to invoke Washington Superior Court Civil Rule 60(b)(11). Therefore, the Court did not commit manifest error when it declined to reach Plaintiff's argument that any motion to vacate the dissolution decree was time barred by Washington Superior Court Civil Rule 60(b)(1). Plaintiff's motion for reconsideration is DENIED on this ground.

3. Plaintiff's Supplemental Authority

Plaintiff submitted an unpublished Washington Court of Appeals decision as supplemental authority in support of her response to Defendants' motion to dismiss, in which the

1 plaintiff sued her former attorney for malpractice. *See Rabbage v. Lorella* Case No. 77053-5-I, 2018 WL 4293457, slip op. at 1 (Wash. Ct. App. 2018). In moving for summary judgment, the plaintiff's former attorney argued that the plaintiff could not establish causation because her successor attorney acted negligently, and thus was an intervening and superseding cause of the plaintiff's harm. *Id*. at 2, 5. The Washington Court of Appeals noted that material questions of fact existed on the issue of whether the successor attorney acted negligently, and held that the plaintiff's former attorney had "not established beyond reasonable dispute that [the successor attorney's] omission was the superseding cause of" the plaintiff's harm. *Id*. at 6.

*Rabbage* is distinguishable from the present case. Defendants have not argued that Plaintiff's successor counsel was negligent, and thus was an intervening and superseding cause of Plaintiff's harm. Rather, Defendants' argument focused on Plaintiff's decision to not challenge the trial court's denial of the motion to reform the separation contract and amend the judgment. (Dkt. No. 12 at 11.) As cited in the Court's order, Washington courts have held that a plaintiff's failure to challenge an erroneous ruling prior to bringing a legal malpractice claim may break the causal chain between the alleged negligence and the plaintiff's alleged harm. *See Paradise Orchards Gen. P'ship v. Fearing*, 94 P.3d 372, 379 (Wash. Ct. App. 2004); *accord Joudeh v. PFAU Cochran Vertetis Amala, PLLC*, Case No. 72533-5-I, 2015 WL 5923961, slip op. at 5 (Wash. Ct. App. 2015).

Therefore, as the offered authority was inapplicable to the present case, the Court concludes that the decision to not cite or apply Plaintiff's supplemental authority did not constitute manifest error. Plaintiff's motion for reconsideration is DENIED on this ground.

    4. <u>Leave to Amend</u>

In its order, the Court noted that an amendment could not cure the deficiency in Plaintiff's claim because "Plaintiff's failure to challenge this decision is fatal to her establishing proximate causation between Defendants' error and her alleged harm." (Dkt. No. 30 at 10.) This addressed Plaintiff's request that any dismissal be granted with leave to amend, and Plaintiff has

not offered substantive argument challenging this decision. (*See* Dkt. No. 32 at 3.) Therefore, the Court did not commit manifest error by failing to address Plaintiff's request, and Plaintiff's motion for reconsideration is DENIED on this ground.

### B. Plaintiff's Supplemental Authority in Support of Her Motion for Reconsideration

Plaintiff has directed the Court's attention to a recently issued unpublished opinion, *In re Marriage of Mucsi*, Case No. 76754-2-I, 2018 WL 4960236, slip op. at 6–8 (Wash. Ct. App. 2018). (Dkt. No. 36.) In *In re Mucsi*, a trial court amended its final orders dissolving a marriage to correct a clerical error, pursuant to Washington Superior Court Civil Rule 60(a). *Id.* at 1–2. Upon review, the Washington Court of Appeals held that the trial court was unable to use Washington Superior Court Civil Rule 60(a) to make substantive changes to its final orders. *Id.* at 6–8. Here, the Court's order addressed whether the state court could have addressed any error through a motion made pursuant to Washington Superior Court Civil Rule 60(b)(11). (Dkt. No. 30 at 5–6.) It did not address Washington Superior Court Civil Rule 60(a), which involves clerical errors made by the court itself. Therefore, Plaintiff's supplemental authority does not apply to the present case.

For the foregoing reasons, Plaintiff's motion for reconsideration (Dkt. No. 32) is DENIED.

DATED this 17th day of October 2018.

William M. McCool
Clerk of Court

s/Tomas Hernandez
Deputy Clerk